ENGINEERING NETWORK INTERNATIONAL, INC.,
Plaintiff—Appellant,

v.

LUCENT TECHNOLOGIES, INC.,
Defendant—Appellee.

No. 04–35576.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 24, 2006.

Decided May 5, 2006.

Komron Michael Allahyari, Esq., Seattle, WA, for Plaintiff–Appellant.

Steven H. Winterbauer, Esq., Winterbauer & Diamond P.L.L.C., Seattle, WA, for Defendant–Appellee.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,* Senior District Judge.

MEMORANDUM **

Engineering Network International, Inc. (ENI) appeals the district court's award of summary judgment entered in favor of Lucent Technologies, Inc. (Lucent) on ENI's claims against Lucent for tortious interference with contractual relationship or business expectancy, misappropriation of trade secrets, and unfair competition. These claims are all related to an alleged employment agreement between ENI and a third party. ENI also challenges the grant of Lucent's motion to withdraw its deemed admissions.

* The Honorable Consuelo Bland Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. ENI failed to raise a material question of fact regarding whether there was an enforceable contract, and specifically whether there was mutual assent to all essential terms of the proposed employment agreement. *See Kinney v. Cook,* 130 Wash.App. 436, 123 P.3d 508, 513 (2005). The June 1 e-mail from Saeid Danesh establishes that, as of June 1, the parties were still negotiating the material terms of the contract.

2. In view of the absence of a contract, ENI failed to raise a material question of fact regarding intentional interference with a contractual relationship. *See Eugster v. Spokane,* 121 Wash.App. 799, 91 P.3d 117, 123 (2004).

3. As the only business expectancy was with Lucent itself, ENI failed to raise a material question of fact regarding this claim. *See Awana v. Port of Seattle,* 121 Wash.App. 429, 89 P.3d 291, 294 n. 17 (2004).

4. ENI failed to raise a material question of fact regarding the misappropriation of a trade secret, particularly in view of the fact that no evidence was presented that the plans were subsequently used by Lucent, and that ENI has failed to demonstrate its ownership over the alleged trade secrets. *See Ed Nowogroski Ins., Inc. v. Rucker,* 137 Wash.2d 427, 971 P.2d 936, 942 (1999) (en banc) (describing the elements of a misappropriation claim).

5. Because ENI advanced no argument in support of its unfair competition claim, we deem it abandoned. *See Menotti v. Seattle,* 409 F.3d 1113, 1151 n. 70 (9th Cir.2005).

6. Because presentation of the issues on the merits was subserved, and because ENI has not shown prejudice, the district court did not abuse its discretion in allowing Lucent to withdraw its deemed admissions. *See Gallegos v. Los Angeles,* 308 F.3d 987, 993 (9th Cir.2002).

**AFFIRMED.**